Requestor: Hon. Dr. D. Bruce Johnstone, Chancellor State University of New York State University Plaza Albany, New York 12246
Written by: Robert Abrams, Attorney General
Your counsel has asked whether the geographical jurisdiction of peace officers of the State University of New York ("SUNY") includes areas which a peace officer traverses while in transit from one geographically discrete campus or part of a campus to another.
The geographical jurisdiction of SUNY peace officers with respect to the exercise of a variety of powers is described or referenced in Education Law, § 355(2)(l) (hereinafter, "Ed L"). The duty of a SUNY peace officer is
 "to preserve law and order on the campus and other property of the university at which the officer is appointed to serve, including any public highway which crosses or adjoins such property" (Ed L, § 355[2][1]).
A SUNY peace officer may execute a search warrant only
 "on the campus or other property of the state university, including any public highway which crosses or adjoins such property, and also including a vehicle . . . when such vehicle is located on the campus or other property of the state university, including any public highway which crosses or adjoins such property" (Criminal Procedure Law, § 690.25[3] [hereinafter, "CPL"); Ed L, § 355[2][1]).
A SUNY peace officer has
 "the power to follow a person in continuous close pursuit outside the campus or other property of the state university when the officer has reasonable cause to believe such person has committed an offense on the campus or other property of the state university including any public highway which crosses or adjoins such property, and may arrest such person for such offense where the person is apprehended" (Ed L, § 355[2][1]).
A SUNY peace officer has the power to issue and serve a simplified traffic information
 "upon a person when he has reasonable cause to believe such person has committed a traffic offense in his presence on the sites owned, operated and maintained by state university" (ibid.).
As your counsel notes, the Legislature has revised Education Law, §355 on several occasions to redefine the geographical jurisdiction of SUNY peace officers. By L 1953, ch 525, the Legislature described the jurisdiction as extending "to the buildings and grounds of the institution" to which the peace officer was assigned and "to the extent of one mile beyond such grounds". By L 1972, ch 383, the provision for the one-mile perimeter was deleted and the present power to issue a traffic information for traffic infractions committed in the presence of a peace officer on sites owned and operated by SUNY was added.
As part of L 1980, ch 843, an omnibus recodification of the CPL with respect to peace officers, which included for the first time SUNY peace officers on the list of defined peace officers for purposes of the CPL (CPL, § 2.10[14]; L 1980, ch 843, § 2), the geographical jurisdiction of SUNY peace officers was again revised. Under L 1980, ch 843, § 165, Education Law, § 355 was amended to delete references to SUNY buildings and grounds, and the present reference to the campus and other property of the university, including public highways which cross and adjoin such property was added. Also added was the present "close pursuit" provision. L 1980, ch 843 also effected the addition of paragraph 3 of CPL, § 690.25, referenced above, which authorizes a SUNY peace officer to execute a search warrant on a campus or other property of SUNY, including crossing and adjoining public highways (L 1980, ch 843, § 21).
In sum, the Legislature has taken care historically to describe with specificity, in the Education Law and Criminal Procedure Law, the geographical jurisdiction of SUNY peace officers with respect to a variety of functions.
The present descriptions, set forth in Education Law, § 355(2)(l) and CPL, § 690.25(3), indicate the clear intent of the Legislature to restrict the exercise of the specific powers of SUNY peace officers to the geographical boundaries stated in such descriptions (State vWoodford, 85 Misc.2d 213 [Co Ct, Nassau County, 12/75]; 1971 Op Atty Gen 37).
Your counsel notes that this office recently opined that a peace officer employed by the Buffalo Municipal Housing Authority is within his geographical area of employment when in transit, within the City of Buffalo, between housing developments of that authority (1988 Op Atty Gen [Inf] 55). In rendering that opinion, we relied upon a provision of the Public Housing Law (hereinafter, "PHL") which provides that the territorial jurisdiction of a housing authority established for a city is coterminous with the territorial limits of the city (PHL, § 31). We also referred to CPL, § 140.25(5)(b). Thus, that opinion is distinguishable from the subject opinion.
Your counsel inquires further as to the powers of a SUNY peace officer to arrest without a warrant while the peace officer is on-duty but is not within the geographical jurisdiction of his employment. We note that there are limited circumstances in which such an arrest is authorized. See, for instance, the continuous close pursuit provision of Education Law, § 355(2)(l) which authorizes warrantless arrests off-campus where the offending person is apprehended. Also, Education Law, § 355(2)(l) provides that SUNY peace officers have the powers of peace officers set forth in CPL, § 2.20. Criminal Procedure Law, § 2.20(1)(a) provides that peace officers have the power to make warrantless arrests pursuant to CPL, § 140.25. Criminal Procedure Law, § 140.25(4) provides as follows:
 "A peace officer, when outside the geographical area of his employment, may, anywhere in the state, arrest a person for a felony when he has reasonable cause to believe that such person has there committed such felony in his presence, provided that such arrest is made during or immediately after the allegedly criminal conduct or during the alleged perpetrator's immediate flight therefrom".
The Practice Commentary with respect to CPL, § 140.25 underscores that the power of peace officers to make warrantless arrests is confined to the geographical area of employment except as set forth in CPL, §140.25(4):
 "The `bailiwick problem' is addressed in subdivisions four and five [of CPL, § 140.25]. In general, a peace officer may exercise warrantless arrest authority only when within the `geographical area of employment' as that term is defined in subdivision five [of CPL, § 140.25]. The sole exception to this `bailiwick' limitation is contained in subdivision four [of CPL, § 140.25] which permits a peace officer to make a warrantless felony arrest as long as the felony was committed in the peace officer's presence and the arrest is made immediately after the felony is committed".
Finally, we note that an on-duty SUNY peace officer, while outside the geographical jurisdiction of his employment, has limited power to arrest without a warrant in the capacity of a private citizen, rather than in the capacity of a peace officer (1935 Op Atty Gen [Inf] 45; 1935 Op Atty Gen [Inf] 25; see also, 1932 Op Atty Gen [Inf] 326). The circumstances under which a private citizen may arrest without a warrant are set forth in CPL, § 140.30. The power of a private citizen to arrest without a warrant includes the power to arrest for any offense in fact committed in his presence.
In a telephone conversation, your counsel asked that we consider the extent of a SUNY peace officer's authority if, in transporting outside the geographical jurisdiction of his employment a person arrested on a SUNY campus, the person in custody escapes.
First, we note that a peace officer, in accordance with section 25.30 of the Penal Law, may use physical force to prevent an escape from custody. To capture an escapee under the facts you have presented, a SUNY peace officer can rely on general law enforcement powers. The escape may constitute a felony or misdemeanor depending on the nature of the offense for which the escapee was originally arrested (Penal Law, §205.05, 205.10, 205.15). If the escape constitutes a felony, the SUNY peace officer may arrest without a warrant, pursuant to CPL, § 140.25(4), for the offense of escape in the second or third degree if the arrest is made during the escapee's immediate flight. If the escape constitutes a misdemeanor, the SUNY peace officer may arrest without a warrant only as a private citizen pursuant to CPL, §140.30, assuming the arrest is made in the county where the escape occurs, as CPL, § 140.30(2) requires.
We conclude that the geographical jurisdiction of employment of a peace officer of the State University of New York does not include the off campus public streets and public thoroughfares that the officer may traverse while in transit from one separate part of a University campus to another separate part of a University campus nor does such jurisdiction include the off-campus public streets and thoroughfares that the officer may traverse while in transit from one University campus to another. A peace officer possesses limited law enforcement powers when outside his geographical area of employment.